E-FILED
Wednesday, 05 October, 2016  01:11:57 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | |
|---|---|
| JOHN WARD, | ) |
| | ) Case No.: 16-CV-3279 |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT** |
| | ) |
| CREDIT ONE, | ) |
| | ) **JURY DEMANDED** |
| Defendant. | ) |

Now comes the Plaintiff, JOHN WARD, by and through his attorneys, and for his Complaint against the Defendant, CREDIT ONE, Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

### PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Springfield, Illinois.

5. On information and belief, Defendant is a corporation with its headquarters located at 585 Pilot Road, Las Vegas, Nevada 89119. Credit One is a financial institution that collects debts using the mail and/or telephone nationwide, including in the State of Illinois.

6. Plaintiff is a "person" as defined in 47 U.S.C. § 153(39).

7. Defendant is a "person" as defined in 47 U.S.C. § 153(39).

## COUNT I

8. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 7 above as if reiterated herein.

9. Sometime prior to March of 2016, Defendant began placing a high volume of automated telephone calls to Plaintiff's cellular telephone.

10. When Plaintiff answered Defendant's telephone calls, he would experience a long pause, sometimes followed by a pre-recorded message telling him to "please hold" before he was connected to a live representative of Defendant.

11. When Plaintiff did not answer Defendant's telephone calls, he would often receive a voicemail message that was prerecorded. The messages did not sound like they were being left by a live representative.

12. On multiple occasions, including at least one occasion during the Spring of 2016, upon answering one of Defendant's telephone calls, Plaintiff spoke with an employee, agent and/or representative of Defendant and requested that Defendant stop placing telephone calls to Plaintiff's cellular telephone.

13. Despite Plaintiff's requests that Defendant cease placing telephone calls to his cellular telephone, Defendant placed numerous calls to Plaintiff's cellular telephone after such requests were made.

14. As a result of Defendant's acts and omissions outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

   a. Invasion of privacy;

  b. Intrusion upon and occupation of the capacity of Plaintiff's cellular telephone;

  c. Wasting Plaintiff's time;

  d. Risk of personal injury due to interruption and distraction when receiving unwanted telemarketing calls from Defendant;

  e. Depletion of Plaintiff's cellular telephone battery; and

  f. The cost of electricity to recharge Plaintiff's cellular telephone battery.

15. On information and belief, Defendant placed the telephone calls described above to Plaintiff using an "automatic telephone dialing system," as defined in 47 U.S.C. § 227(a)(1), and/or an "artificial or prerecorded voice" message, as described in 47 U.S.C. § 227(b)(1)(A).

16. On information and belief, the purpose of these telephone calls was the attempted collection of an alleged debt.

17. On information and belief, Defendant routinely uses an automatic telephone dialing systems and/or artificial and/or prerecorded voice messages in the collection of debts in the ordinary course of its business.

18. Plaintiff did not give Defendant his express consent, invitation or permission to contact him using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message. In the alternative, any prior express consent, invitation or permission which Plaintiff may have given Defendant to contact him in this manner was terminated and revoked.

19. Defendant's telephone calls to Plaintiff using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message were not made for emergency purposes.

20. Defendant's telephone calls to Plaintiff utilizing an automatic telephone dialing system and/or an artificial and/or prerecorded voice message, for non-emergency purposes, and in the absence of Plaintiff's express consent, invitation or permission, violated 47 U.S.C. § 227(b)(1).

21. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

22. As a result of Defendant's negligent violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of actual monetary loss, plus $500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any negligent violations of the TCPA by Defendant;

    b. Judgment against Defendant for statutory damages of $500.00 for each and every negligent violation of the TCPA by Defendant;

    c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees, witness fees, court costs and other litigation costs; and

    d. Any other relief deemed appropriate by this Honorable Court.

## COUNT II

23. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 7 and 9 through 20 above as if reiterated herein.

24.     The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA including, but not limited to, each of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

25.     As a result of Defendant's knowing and/or willful violations of the TCPA, 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of actual monetary loss, plus $1,500.00 for each and every such violation, pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff prays for the following relief:

   a.   Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any knowing and/or willful violations of the TCPA by Defendant;

   b.   Judgment against Defendant for treble statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA by Defendant;

   c.   Judgment against Defendant for Plaintiff's reasonable attorneys' fees, witness fees, court costs and other litigation costs; and

   d.   Any other relief deemed appropriate by this Honorable Court.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

JOHN WARD

By: /s/ David B. Levin
    Attorney for Plaintiff
    Illinois Attorney No. 6212141
    Law Offices of Todd M. Friedman, P.C.
    One South Dearborn Street, Suite 2100
    Chicago, IL 60603
    Phone: (312) 212-4355
    Fax: (866) 633-0228
    dlevin@toddflaw.com